A. Storm BECK, Plaintiff–Appellant,

v.

Carl ANDERSON, Warden; Michael A. Leonard, Defendants–Appellees.

No. 99–4446.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before CLAY, GILMAN, and WALLACE,* Circuit Judges.

---

* The Honorable J. Clifford Wallace, United States Circuit Judge for the Ninth Circuit, sitting by designation.

*ORDER*

A. Storm Beck, an Ohio resident and former prisoner proceeding pro se, appeals a district court order and judgment dismissing his amended civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Beck pleaded guilty to an amended count of attempted abduction with the specification of commission of a prior offense of violence. He was sentenced on April 19, 1994, to an indefinite prison term of 2 to 5 years. Beck served out his maximum sentence and was released from prison on November 28, 1998. On October 9, 1998, while still in custody, Beck filed a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2243, and 2254. (An earlier petition had been dismissed without prejudice.) On November 25, 1998, Beck filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 and civil rights complaint under 42 U.S.C. § 1983. Seeking monetary damages as well as immediate release from prison, Beck alleged that he was denied properly earned statutory good time credit that would have resulted in his release from prison on March 29, 1997, in violation of the Sixth, Eighth, and Fourteenth Amendments. A magistrate judge recommended that the district court grant the defendants' motion to dismiss Beck's habeas petition as moot, because Beck had since been released from custody. The magistrate judge's report did not address the § 1983 complaint. The district court adopted the magistrate judge's recommendation as to the habeas corpus claim but, in an amended order, and citing Justice Souter's concurrence in *Spencer v. Kemna,* 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998), the district court concluded that Beck's § 1983 action survived. Because the court also found Beck's statement of his claim to be vague and ambiguous, it granted Beck fourteen days in which to amend his complaint.

Beck filed an amended civil rights complaint on April 26, 1999. He sued the defendants, wardens of the two institutions in which he had been incarcerated beyond his asserted proper release date, in their individual and official capacities. Beck alleged that the defendants violated his due process rights when they refused to apply his properly earned statutory good time credit for faithfully observing prison rules, pursuant to Ohio Rev.Code §§ 2967.19 and 2967.193, without a hearing. He further alleged that he was thus illegally held under a satisfied judgment from March 29, 1997, until his release on November 28, 1998, in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Beck sought $304,500 compensatory and $1.5 million punitive damages from each defendant. He also sought in excess of $100,000 for each violation of state law. The defendants filed a motion to strike or dismiss the amended complaint.

In a report filed on July 7, 1999, the magistrate judge recommended that the district court grant the defendants' motion to dismiss for failure to state a claim. The magistrate judge concluded that "five justices in *Spencer* would allow the present suit" as not barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because a favorable termination through habeas corpus was no longer available to Beck. However, the magistrate judge further determined that Beck's complaint be denied on the merits. The district court overruled Beck's objections and dismissed the amended complaint for failure to state a claim under which relief may

be granted. Beck's motion to alter or amend the judgment was subsequently denied.

On appeal, Beck argues that the doctrine of judicial estoppel prevents the state of Ohio from taking the position it advances in his case.

Upon review, we affirm the district court's judgment for the reasons stated therein. This court reviews *de novo* the dismissal of a complaint under Fed. R.Civ.P. 12(b)(6) for failure to state a claim. *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir.1999). The court must construe the complaint in a light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Id.* "A court is not required, however, to accept a plaintiff's summary allegations or unwarranted legal conclusions in ruling on a motion to dismiss." *Id.*

Beck's amended § 1983 complaint was properly dismissed. The plain language of Ohio Rev.Code § 2967.19 in effect at the relevant time provides that any good time credit earned thereunder was to be applied to the *minimum* sentence of an inmate with an indefinite sentence. Therefore, Beck's good-time credits made him eligible for parole at an earlier date than he would have been otherwise. However, Beck was not granted parole. He claims that he had only one 30–second parole hearing at which his release was denied. However, Ohio has a purely discretionary parole system and so Beck had no constitutionally protected liberty interest in being released on parole. *See Jago v. Van Curen,* 454 U.S. 14, 20, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981). Thus, there was no due process violation.

Beck argues, on appeal, that Ohio has taken a position in his case contrary to that it took in other cases raising similar issues and should be judicially estopped from asserting that position. The position taken by the state in Beck's case is not inconsistent with Ohio precedent.

Furthermore, we agree with the district court that Beck has failed to state an equal protection claim or an Eighth Amendment claim.

Accordingly, the district court's judgment, entered on August 2, 1999, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.